# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

### EMMA T. BARRINGER, Administratrix, etc., Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Action for injuries occasioned by the negligence of a railroad — the fact that the railroad's negligence was the proximate cause of the accident must be shown.*

APPEAL from an order denying a motion to set aside a verdict in favor of the plaintiff, made upon the minutes of the justice before whom the action was tried.

This action was brought to recover damages sustained by the respondent, the widow, and by the next of kin of, Edward M. Barringer, deceased, who, it is alleged, came to his death through the negligence of the defendant, and to recover for a horse and wagon injured at the same time that the deceased was killed.

The answer denied negligence on the part of the defendant, and set up contributive negligence on the part of the deceased.

The deceased came to his death by the same accident which caused the death of John Cosgrove, and the same facts are presented in this case, without any substantial addition or variance, as were presented in the case of *Margaret Cosgrove, Admx.*, v. *The N. Y. C. and H. R. R. R. Co.*, reported in 13 Hun, 329.

The court at General Term said:

" The principle decided in the case of Cosgrove against this defendant (13 Hun, 329), namely, that proof that the death of the plaintiff's intestate was caused by the negligence charged against the defendant, is essential to uphold a recovery in her favor, is decisive of this case. The facts respecting that point are in substance and legal effect the same as in that case. They show that

the proximate cause of the accident was the inability of the deceased to control his horse, and not the negligence of the defendant's alleged.

" In such a case the plaintiff cannot recover, not because the deceased was guilty of contributive negligence, but simply because his death was not caused by the negligence of the defendant."

*Frank Loomis*, for the appellant.  *H. A. Nelson*, for the respondent.

Opinion by GILBERT, J.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Order denying new trial reversed and new trial granted, costs to abide event.